UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Marc Kirksey, | ) | CASE NO. 5:12CV1157 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Kimberly Clipper, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |

This action is before the Court upon objections filed by Petitioner Marc Kirksey, asserting error in the Report and Recommendation ("the R&R") of Magistrate Judge James R. Knepp, II. The Court ADOPTS the R&R (Doc. 17) in its entirety. The Petition is DENIED AND DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the R&R as it relates to Kirksey's objections. The objections lack merit.

In his petition, Kirksey raised seven grounds for relief. Kirksey now raises objections to the R&R's treatment of all seven of his grounds for relief. The Court now reviews those objections.

1

In his first ground for relief, Kirksey contends that the R&R erred in resolving his claim that prosecutorial misconduct deprived him of his due process rights.  In resolving this claim, the R&R spent considerable time reviewing the state court treatment of the claim and detailing the federal law applicable to the claim. The factual background of the claim involves the closing argument given by the prosecution.  In that argument, the prosecutor discussed a taped statement made by Kirksey that was played for the jury.  Within that statement, Kirksey implicated his co-defendant Elder in the murder of Joshua Robinson and offered to testify against him.  The prosecutor then noted that if the jury found those statements to be credible, "Well why isn't he testifying for us against him?"

The R&R then reviewed the state resolution of the claim, noting that the prosecution put forth an argument that the statement was not intended to reference Kirskey's silence at all, but instead was made to undermine the credibility of his statement.  The R&R then extensively reviewed the two-step process utilized by the Sixth Circuit to analyze whether prosecutorial misconduct violates the due process rights of a defendant.

> The Sixth Circuit has adopted a two-step approach for determining when prosecutorial misconduct warrants a new trial. *See United States v. Carroll*, 26 F.3d 1380, 1385-87 (6th Cir. 1994). Under this approach, a court must first consider whether the prosecutor's conduct and remarks were improper. *Id*. at 1387; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir.2000). If the remarks were improper, the court must then consider and weigh four factors in determining whether the impropriety was flagrant and thus warrants reversal. These four factors are as follows: (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong. *Carroll*, 26 F.3d at 1385; *see also Boyle*, 201 F.3d at 717; *United States v. Collins*, 78 F.3d 1021, 1039 (6th Cir.), *cert. denied*, 519 U.S. 872, 117 S.Ct. 189, 136 L.Ed.2d 127 (1996).

*United States v. Carter,*  236 F.3d 777, 783 (6th Cir. 2001).

In his objections, Kirksey does not identify any legal or factual error contained in the R&R. Instead, he simply disagrees with its conclusion. Having reviewed the matter, the Court finds no error. The R&R properly concludes that the comment made by the prosecutor could be seen as an improper comment on Kirksey's right not to testify. The R&R then reviewed the four factors set forth above. The state court record and state appellate decision make clear that there was no intent by the prosecution to mislead the jury. The comment was specifically made in conjunction with discussing Kirksey's offer to testify against Elder and is properly viewed as an attack on the credibility of Kirksey's self-serving statement, rather than an attack on his Constitutional rights. Furthermore, the remark was isolated and followed immediately by a curative instruction. Moreover, the R&R properly reviewed the evidence against Kirksey and found that the State produced substantial circumstantial evidence that Kirksey was complicit in the robbery and murder of the victim. As such, the Court finds no error in the analysis conducted by the R&R and finds that the State did not unreasonably apply the law surrounding prosecutorial misconduct. Kirksey's objection to this ground for relief is OVERRULED.

Kirksey next contends that the R&R erred in overruling his contention that there was insufficient evidence to support his conviction. Once again, Kirksey does not allege that the R&R contains any incorrect law or misstates the facts in the record. Instead, in one paragraph, he reiterates his unsupported view that he essentially a victim of circumstance – that he was attempting to act as a middleman to secure drugs for Robinson and had no knowledge of Elder's plan to rob and murder the Robinson. However, the R&R lays out the extensive circumstantial evidence that was presented against Kirksey and how a reasonable jury could easily find that Kirksey was complicit in both crimes. Accordingly, the Court finds no merit in Kirksey's objection.

Kirksey concedes that the R&R properly found that his third ground for relief, a manifest weight of the evidence argument, is not properly cognizable in habeas.

Kirksey next claims error in the R&R's conclusion that his fourth, fifth, and sixth grounds for relief were procedurally defaulted. In reaching this conclusion, the R&R noted that "[b]ald assertions in brief headings alleging a constitutional violation are insufficient to constitute fair presentment" of claims to the state court. The R&R then noted that Kirksey made no argument whatsoever on these claims in his memorandum in support of jurisdiction to the Ohio Supreme Court and therefore procedurally defaulted the claims. In his objection, Kirksey claims that he "extensively explained [these arguments] in the Memorandum in Support of Jurisdiction" to the Ohio Supreme Court. The Court has reviewed that document. Beyond the headings in Kirksey's table of contents, grounds four, five, and six are not mentioned in any capacity. There is not a single sentence or citation regarding these grounds. Accordingly, the Court once again finds no merit in Kirksey's objection.

Finally, Kirksey contends that the R&R erred when it found that he had procedurally defaulted his seventh ground for relief when he failed to raise the issue in his direct appeal. For the first time in this matter, Kirksey raises the argument that this default should be excused based upon ineffective assistance of appellate counsel. The exhaustion doctrine "generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 (1986). As Kirksey concedes that he has never raised the issue of ineffective counsel in state court at any level, it follows that he may not rely upon it now as cause for his procedural default. Accordingly, his final objection also lacks merit.

4

Kirksey's objections are overruled. The R&R is adopted, and the petition is hereby DENIED AND DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

March 17, 2014 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT